# Third District Court of Appeal
## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0010
Lower Tribunal No. 20-6509
_____

**Hector Garcia,**
Appellant,

vs.

**Winn-Dixie Stores, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Shannin Law Firm, P.A., and Nicholas A. Shannin and Dayna Maeder (Orlando), for appellant.

Cosio Law Group, and Eduardo Cosio, Julie Bork Glassman and Luis A. Arguelles, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Appellant Hector Garcia, who slipped and fell on an unknown substance in a store operated by appellee Winn-Dixie Stores, Inc., challenges the trial court's final summary judgment in favor of Winn-Dixie. We affirm because the summary judgment record was devoid of evidence that Winn-Dixie had either actual or constructive knowledge of any transitory foreign substance on the floor of its store.[1] We also conclude that the trial court did not abuse its discretion in conducting the November 1, 2023 hearing on appellee's June 20, 2022 summary judgment motion. See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy [the] test of reasonableness."); White v. Discovery Commc'ns, LLC, 365 So. 3d 379, 385-86 (Fla. 1st DCA 2023) (holding that the trial court did not abuse its discretion by declining to postpone a summary

---

[1] Section 768.0755(1)(a) of the Florida Statutes provides as follows:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition[.]

§ 768.0755(1)(a), Fla. Stat. (2023).

judgment hearing for better responses to discovery after there had been ample time for discovery); <u>see also</u> <u>De Los Angeles v. Winn-Dixie Stores, Inc.</u>, 326 So. 3d 811, 812-13 (Fla. 3d DCA 2021).

Affirmed.